UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRYANT K. CALLOWAY,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>TORY M. PANKOPF, an individual, TORY M. PANKOPF, LTD, a Nevada Corporation,<br><br>　　　　　　　Defendants. | Case No. 3:12-cv-00441-MMD-WGC<br><br>ORDER<br><br>(Defs' Request for Reconsideration – dkt. no. 17; Defs' Motion to Extend Time – dkt. no. 28) |

I. **SUMMARY**

Before the Court are Defendants Tory M. Pankopf and Tory M. Pankopf, Ltd.'s Request for Reconsideration of District Court's Magistrate Judge's Ruling ("Motion for Reconsideration") (dkt. no. 17) and Third Motion to Extend Time Regarding Dispositive Matter ("Motion to Extend Time") (dkt. no. 28). The Motion to Extend Time and the Motion for Reconsideration are denied.

II. **BACKGROUND**

The procedural history of this case is detailed thoroughly in Magistrate Judge William G. Cobb's April 11, 2013, order ("Judge Cobb's Order"). (Dkt. no. 15.) A brief recap follows.

Plaintiff Bryant K. Calloway filed the Complaint in California state court on July 9, 2012, and Defendant removed the case to this Court one month later. (Dkt. no. 1.) Defendant filed a statement after removal on September 10, 2012. (Dkt. no. 4.) This case saw no activity from either party until February 25, 2013, when Plaintiff moved for

entry of clerk's default. (Dkt. no. 5.) Two days later, Defendant Pankopf filed an Answer on behalf of himself. (Dkt. no. 6.) Judge Cobb entered a minute order directing Defendants to respond to Plaintiff's motion for entry of clerk's default and explain why no answer had been filed on behalf of Defendant Tory M. Pankopf, Ltd. (Dkt. no. 8.) Tory Pankopf, Ltd. then filed an Answer. (Dkt. no. 11) Defendants filed a response to Plaintiff's motion for entry of clerk's default explaining why Tory Pankopf, Ltd.'s Answer was not filed at the same time as Pankopf's Answer (dkt. no. 12), but Defendants did not address the reason for the initial delay in filing responsive pleadings. Judge Cobb's Order directed the Clerk to enter default against Defendants. (Dkt. no. 15.) The Clerk entered default on April 12, 2013. (Dkt. no. 16.)

Defendants now move the Court to reconsider Judge Cobb's Order (dkt. no. 17). Plaintiff filed an opposition on May 24, 2013. (Dkt. no. 22.) Defendants' reply was due by June 3, 2013. (*Id.*) On June 3, 2013, Defendants moved to extend the deadline to June 7, 2013. (Dkt. no. 24.) The Court granted that motion. (Dkt. no. 25.) On June 7, 2013, Defendants moved to extend the deadline to June 10, 2013. (Dkt. no. 26.) The Court granted that motion. (Dkt. no. 27.) On June 11, 2013, Defendants moved to extend the deadline to June 11, 2013. (Dkt. no. 28.) That motion is now before the Court. Defendants filed their reply in further support of the Motion for Reconsideration on June 11, 2013. (Dkt. no. 29.)

III. DISCUSSION

    A.  Motion to Extend Time

In the Motion to Extend Time, Defendants request an extension of time in the amount of one (1) day in order to file their reply in further support of their Motion for Reconsideration. Defendants filed their Motion to Extend Time one day after the deadline, which was initially requested by Defendants and approved by the Court. The Motion to Extend Time fails to comply with LR 6-1(b), which states that "[a] request made after the expiration of the specified period shall not be granted unless the moving party . . . demonstrates that the failure to act was the result of excusable neglect." Defendants

have not established excusable neglect. In fact, Defendants failed to offer a reason for the requested extension. The Motion to Extend Time is therefore denied and Defendants' reply in further support of their Motion for Reconsideration is untimely.[1]

### B. Motion for Reconsideration

#### 1. Standard of Review

Defendants argue that Judge Cobb's Order is dispositive and should be reviewed *de novo*. (Dkt. no. 17 at 3.) The Court disagrees. Obtaining a default judgment is a two-step process governed by the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir.1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b). In this case, after over five (5) months of inactivity from both parties, Plaintiff moved for clerk's entry of default under Rule 55(a). (*See* dkt. no. 5). Judge Cobb's Order directed the Clerk to enter default under Rule 55(a). (Dkt. no. 15). Plaintiff has not yet applied to the Court for entry of default judgment under Rule 55(b).

LR IB 1-3 provides that "[a] magistrate judge may hear and finally determine any pretrial matter not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A)." The determination of whether to direct the clerk to enter default under Rule 55(a) is not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A). LR IB 3-1(a) further provides that "[a] district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1–3 where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law." A decision to direct the clerk to enter default under Rule 55(a) may be finally determined by

///

---

[1] Despite its untimeliness, the Court reviewed Defendants' reply and finds that it is not relevant to the Court's analysis.

a magistrate judge under LR IB 1-3, and thus the Court may reconsider Judge Cobb's Order if it is "clearly erroneous or contrary to law" under LR IB 3-1(a).

28 U.S.C. § 636(b)(1)(A) is not an "exhaustive list of all of the pretrial matters that are excepted from the magistrate judge's authority." *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1067 (9th Cir. 2004). A magistrate judge's authority depends on whether the matter is dispositive or non-dispositive of a claim or defense of a party. *See Maisonville v. F2 America, Inc.*, 902 F.2d 746, 747 (9th Cir.1990). "[A]ny motion not listed, *nor analogous to a motion listed* in [28 U.S.C. § 636(b)(1)(A)], falls within the non-dispositive group of matters which a magistrate may determine." *Id.* at 748 (emphasis added). The court in *Rivera-Guerrero* found that a motion to involuntarily medicate defendant "is dispositive of a claim or defense of a party" in that it resolves the defendant's assertion that he is not competent to stand trial. 377 F.3d at 1069. Consequently, the court concluded that the motion is "not among the pretrial matters that can be fully delegated to the magistrate judge under [28 U.S.C.] § 636(b)(1)(A)." *Id.*

Here, Judge Cobb's Order directing the Clerk to enter default is not dispositive of any of the parties' claims or defenses. A clerk of court's entry of default under Rule 55(a) is merely a prerequisite to the Court's entry of default judgment, but "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F.Supp.2d 1068, 1071 (C.D.Cal.2004) (citation omitted). Instead, whether a court will grant a default judgment is in the court's discretion. *Id.* Defendants may still oppose the Court's entry of a default judgment if and when Plaintiff applies for one.[2]

The Court concludes that the determination of whether to direct the clerk to enter default under Rule 55(a) is not listed in 28 U.S.C. § 636(b)(1)(A) and is not dispositive. Thus, the Court may only reconsider Judge Cobb's Order if it is clearly erroneous or

---

[2] The question of whether the Court should enter default judgment is not presently before the Court.

4

contrary to law. See LR IB 3–1(a); Fed. R. Civ. P. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide . . . [t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.")[3]

This standard of review is significantly deferential to the initial ruling. "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir.2010) (quotation omitted). The order "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D.Cal.2007). The Court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir.1991).

**2.  Legal Standard**

Pursuant to Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Generally, to avoid default, a defendant must serve an answer within twenty (20) days of being served with the summons and complaint. See Fed. R. Civ. P. 12(a).

The Court may set aside a default for good cause under Fed. R. Civ. P. 55(c). Underlying Rule 55(c) is the strong public policy in favor of resolving a case on the merits. See *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir.1985). As a result of this policy, in determining whether to set aside a default, "doubt, if any, should be resolved in favor of the motion to set aside the [default]...." *Id.* (citations omitted). To

---

[3] *Segal v. L.C. Hohne Contractors, Inc.*, 303 F. Supp. 2d 790 (S.D.W.V. 2004), which Defendants cite, is not to the contrary. In *Segal*, plaintiffs moved for entry of default judgment and sanctions. *Id.* at 791. The magistrate judge treated the motion as dispositive and issued proposed findings and a recommendation. *Id.* In this case, the parties have not moved for default judgment. Because the question before Judge Cobb was only whether the Clerk should enter default, Judge Cobb did not issue a report and recommendation.

5

determine whether there is good cause to set aside a default, the court considers the following non-exclusive factors: (1) whether the defendants engaged in culpable conduct that led to the default; (2) whether the defendants had a meritorious defense; or (3) whether reopening the default would prejudice Plaintiff. *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925–26 (9th Cir.2004) (citation omitted). The defendants bear the burden of showing that any of these factors favors setting aside the default. *Id.*

### 3. Analysis

Defendants have not asked the Court to set aside default for good cause under Rule 55(c), nor have they explained their culpability, or lack thereof, in causing the default. Instead, Defendants argue that a clerk of court is precluded from entering default after an answer is filed. (Dkt. no. 17 at 1.) Therefore, Defendants argue, Judge Cobb's Order directing the Clerk to enter default is contrary to law. (*Id.*) The Court disagrees.

Defendants confuse Rule 55(a) with Rule 55(b). They assert that "the Clerk is precluded from entering a default after Defendants have made an appearance or have filed their answers." (*Id.* at 1–2 (citing *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 689 (9th Cir. 1988).) In *Direct Mail*, however, the clerk of court entered default judgment under Rule 55(b)(1). 840 F.2d at 689. The court in *Direct Mail* noted that Rule 55(b)(1), by its own language, "only applies to parties who have never appeared in the action." *Id.* In this case, Judge Cobb's Order directed the Clerk to enter default under Rule 55(a). The Clerk did not enter default judgment under Rule 55(b)(1) and the Clerk was not directed to do so. Rule 55(a) does not contain Rule 55(b)(1)'s requirement that the defendant must have been "defaulted for not appearing." An entry of default under Rule 55(a) is merely a prerequisite to default judgment under Rule 55(b). *Direct Mail* thus does not stand for the proposition that a clerk cannot enter default under Rule 55(a) where the defendant has answered or made an appearance.

Judge Cobb's Order found that all of the requirements for the Clerk's entry of default under Rule 55(a) were satisfied. As Defendants acknowledge, they were properly

6

served with process and their answers or responses to the Complaint were due on August 31, 2012. (Dkt. no. 12 at 2.) Plaintiff moved for entry of default on February 25, 2013. (Dkt. no. 5.) Defendants filed their untimely Answers on February 27, 2013, and March 18, 2013, respectively. (*Id.*) Judge Cobb's Order concluded that the Clerk's entry of default is warranted because Defendants were properly served, the Court has jurisdiction, and Defendants failed to timely respond. (Dkt. no. 15 at 3.) This conclusion is not contrary to law under *Direct Mail*.

Further, the Court cannot conclude that Judge Cobb's Order was clearly erroneous. It is clear from the record that Defendants "failed to plead or otherwise defend" in the timeframe permitted by the Federal Rules of Civil Procedure. It is also clear that Defendants filed their responsive pleadings approximately six (6) months after the deadline without an extension of time from the Court. The Court is thus not "left with the definite and firm conviction" that Judge Cobb's Order made a mistake in directing the Clerk to enter default under Rule 55(a).

Lastly, the Court rejects Defendants' argument that Plaintiff waived his right to entry of default judgment. (Dkt. no. 17 at 4.) Defendants were aware of this case. They were properly served and they removed to this Court. Defendants had an obligation to timely respond to the Complaint after being properly served but apart from filing a statement of removal, Defendants completely disregarded their obligations and deadlines until Plaintiff moved for clerk's entry of default. Unlike the plaintiff in *FOC Financial Ltd. Partnership v. National City Commercial Capital Corp.*, 612 F. Supp. 2d 1080 (D. Ariz. 2009), which Defendants cite in support of their waiver argument, Plaintiff did not continue to litigate this case as usual for an extended period of time after the default. Indeed, Plaintiff's motion for clerk's entry of default was its first filing with this Court. In *FOC Financial*, the default was due to a "technical error with little bearing on the disposition of the case," which arose after a motion to dismiss had been filed by the defendant and resolved by the court. *Id.* at 1084-85. Here, Defendants' disregard of its

///

obligations brought this case to a complete standstill for approximately six (6) months. The Court finds that Plaintiff has not waived his right to entry of default judgment.

## IV. CONCLUSION

It is therefore ordered that Defendants' Motion to Extend Time (dkt. no. 28) is denied and Defendants' Motion for Reconsideration (dkt. no. 17) is denied.

ENTERED THIS 22nd day of January 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE